IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHASITY WALLACE; RAYMOND WALLACE; and CHASITY WALLACE and RAYMOND WALLACE, on behalf of K.R.W., a minor, ) ) ) ) ) Plaintiffs, ) ) v. ) CHOCTAW NICOMA PARK SCHOOL DISTRICT; and NICOMA PARK ELEMENTARY SCHOOL, ) ) ) ) ) Defendants. ) | No. CIV-21-0077-R |

## ORDER

Before the Court is this Partial Motion to Dismiss, filed by Defendant Choctaw-Nicoma Park School District (the "School District"), otherwise known as Independent School District No. 4 of Oklahoma County, Oklahoma. Doc. No. 5. Plaintiffs Chasity Wallace and Raymond Wallace, individually, and on behalf of K.R.W. ("Plaintiffs"), responded in opposition. Doc. No. 8. The School District replied in support of its motion, Doc. No. 9.

Plaintiffs allege that on or around September 16, 2019, Nicoma Park Elementary, an elementary school within the School District, "punished and controlled [K.R.W.] by restraint mechanisms" without providing notice to Chasity or Raymond. Doc. No. 1-1, p 2. Plaintiffs then filed suit against the School District, bringing state law negligence claims[1] and alleging violations of 42 U.S.C. § 1983.

---

[1] The School District argues that the negligence and respondeat superior allegations should be construed as one claim. The first cause of action is entitled "Negligence" and the second cause of action is entitled "Respondeat Superior."

In response, the School District removed the action to this Court on February 2, 2021. Doc. No. 1. ¶¶ 3–6. Now, the School District moves to dismiss Plaintiffs' § 1983 claim, while also arguing that i) Nicoma Park Elementary lacks the capacity to be sued, ii) Oklahoma law does not authorize emotional distress claims for parents based on a child's injury, and iii) punitive damages are unavailable on Plaintiffs' § 1983 claim. Doc. No. 5, pp. 3, 12, 14, 17, 18.

First, the parties agree that Nicoma Park Elementary is not a proper Defendant in this action because the claims against it must be asserted against the School District. Doc. No. 8, p. 3. Thus, the claims asserted against Nicoma Park Elementary are hereby DISMISSED.

Second, Oklahoma law does not recognize recovery for mental anguish unless the pain or suffering "arises from an injury or wrong to the person rather than from another's suffering or wrongs committed against another person." *Slaton v. Vansickle*, 872 P.2d 929, 931 (Okla. 1994). Thus, insofar as Plaintiffs seek damages for emotional distress, such damages are limited to the emotional distress of K.R.W. Third, punitive damages are unavailable on the Plaintiffs' § 1983 claim because the U.S. Supreme Court has specifically held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, the Court turns to the Plaintiffs' substantive due process claim against the School District.

---

Doc. No. 1-1, pp. 2–3. Respondeat superior is not a cause of action. Rather, it is a doctrine that describes the legal relationship between an agent and a principal, whereby the principal is held responsible for the agent's negligence. *See Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1163 (Okla. 2009). Accordingly, Plaintiffs' respondeat superior "claim" is simply an alternative theory for asserting negligence. Further, the Plaintiff does not object to the School District's contention that pursuant to Okla. Stat. tit. 51 § 154(A)(2), the Plaintiffs' total recovery is limited to $125,000 for "a claim ... arising out of a single act, accident, or occurrence."

In considering a defendant's Motion to Dismiss under Rule 12(b)(6), the Court must determine whether the plaintiff's [Petition] contains enough "facts to state a claim to relief that is plausible on its face," and whether the factual allegations "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted). The Court must accept all the well-pleaded allegations in the Petition as true and must construe the allegations in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The School District argues that the Petition fails to allege that an official policy or custom of the School District caused the Plaintiffs' injury. Alternatively, the School District states that neither its actions, nor its employees', "shock[ed] the conscience."[2] Doc. No. 5, p. 2.

A "municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978) (Section 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor."). Rather, to

---

[2] The Court need not address whether the Plaintiffs' allegations were conscience shocking because the Plaintiffs fail to identify a custom or policy attributable to the School District.

hold a local government, such as the School District, liable under 42 U.S.C. § 1983, the plaintiff must allege that the "execution of a government's policy or custom [...] inflict[ed] the injury ...". *Monell*, 436 U.S. 658, 694 (1978); *see also Brown*, 520 U.S. at 403–04 ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of [...] those officials whose acts may fairly be said to be that of the municipality."). In the Tenth Circuit, a municipal policy or custom may take many forms, including:

> (1) a formal regulation or policy statement;
> (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law;
> (3) the decisions of employees with final policymaking authority;
> (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or
> (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (citing *Brammer–Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189–90 (10th Cir. 2010) (internal quotations omitted).

In the response, Doc. No. 8, Plaintiffs allege a custom or policy existed because the "school administrators and officials [...] knew that teachers and aides were using restraints for punishment and did nothing about it." *Id.* p. 7. When ruling on a motion to dismiss, however, the Court must only address whether *the Petition* contains enough "facts to state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 555. Thus, when

4

considering the School District's Motion, the Court considers only allegations in the Petition.

The Plaintiffs essentially argue that the Petition states a custom or policy under either the second or fifth form of a municipal policy or custom outlined above—either "an informal custom amoun[ting] to a widespread practice" or the "failure to adequately train or supervise employees." *See Bryson*, 627 F.3d at 788. The Court addresses each in turn.

First, to warrant municipal liability, "it is not enough for a § 1983 plaintiff to merely identify conduct properly attributable to the municipality." *Brown*, 520 U.S. at 404. Rather, "[t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* (emphasis in original). Here, because the Plaintiffs allege the School District's *inaction* violated § 1983, Plaintiffs do not allege a custom or policy adopted by the School District that violated K.R.W.'s constitutional rights. *Brown*, 520 U.S. at 404 ("Congress did not intend municipalities to be held liable unless *deliberate* action attributable to the municipality directly caused a deprivation of federal rights.") (emphasis in original); *see also Crowson v. W. Heights Indep. Sch. Dist. No. 1-041*, No. CIV-12-053-D, 2013 WL 466594, at *4. In *Crowson*, the plaintiff, a high school student and member of the wrestling team, participated in a wrestling match during practice. *Id.* at *1. One day, the wrestling coach allegedly permitted, and even encouraged, multiple other students to attack the plaintiff during a practice match. *Id.* The plaintiff sought relief by filing an action under § 1983, but the court granted summary judgment to the school district because the plaintiff failed to allege a custom or policy resulting in a constitutional violation. *Id.* at *4.

5

Similarly, here, the Plaintiffs' lone allegation of wrongdoing is that school officials "knew of impending danger, were reckless and indifferent to it, and knowingly created a dangerous environment that led to an otherwise preventable injury." Doc. No. 1-1, p. 5 ¶ 1. Plaintiffs do not allege a final policy maker "specifically directed the action resulting in the deprivation" of a constitutional right. *Brown*, 520 U.S. at 406. Neither have Plaintiffs identified a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the School District violating K.R.W.'s rights. *See, e.g., Monell*, 436 U.S. at 690–691.

Second, in their response, the Plaintiffs also include conclusory allegations that the "school administrators and officials made it a custom and practice to put untrained teachers in classrooms with special needs students."[3] Doc. No. 8, p. 4. However, as the School District points out, to establish a "custom," the plaintiff must allege that a series of events amounted to a "continuing, persistent and widespread practice." Doc. No. 5, p. 14. Here, the Plaintiffs allege the unconstitutional deprivation of K.R.W.'s rights occurred once— "on [...] September, 16, 2019, [when] ... K.R.W., a Minor, was being punished and controlled by restraint mechanisms."[4] Doc. No. 1-1, p. 2. Further, the Petition does not allege conduct that could be considered "deliberate indifference to the injur[y]" allegedly caused. *See Bryson*, 627 F.3d at 788.

---

[3] The Court notes that Plaintiffs raise this argument in the response brief, Doc. No 8, but did not cite this argument in the Petition. Doc. No. 1-1. As the Court explained above, the motion to dismiss is limited to allegations in the Petition. *See Twombly*, 550 U.S. at 555.

[4] Plaintiffs' citation to *Gebter v. Lago Vista Independent School District*, 524 U.S. 274 (1988) is irrelevant because in *Gebser*, the Supreme Court addressed a claim under Title IX, not § 1983. Additionally, Plaintiffs' reliance on *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198 (5th Cir. 1994) is likewise misplaced because the Plaintiffs plead no allegation of "dangerousness", as the court in *Johnson* required. *Id.* at 201.

Section 1983 exists to sanction deliberate municipal conduct, not to provide a remedy for an individual's improper act or omission. *Id.* Though Plaintiff argues that the School District "knowingly creat[ed] a dangerous environment," the Petition does not allege facts supporting a conclusion that the School District's training practices exhibited "deliberate indifference" reasonably relating to the alleged injury. Accordingly, the Plaintiffs do not state a custom or policy under § 1983.

In conclusion, Plaintiffs do not identify a custom or policy of the School District that is such a "widespread practice that [it has] the force of law" violating K.R.W.'s constitutional rights. *See Bryson*, 627 F.3d at 788. Accordingly, the Plaintiffs' § 1983 claim is subject to dismissal and the School District's motion is GRANTED IN ITS ENTIRETY. If, however, Plaintiffs can amend the Petition to state a substantive due process claim consistent with this Order, Plaintiffs are granted leave to do so within 14 days of the date of this order.

**IT IS SO ORDERED** on this 7th day of May 2021.

*/s/ David L. Russell*
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**