IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHASITY WALLACE; RAYMOND WALLACE; and CHASITY WALLACE and RAYMOND WALLACE, on behalf of K.R.W., a minor,<br><br>         Plaintiffs,<br><br>v.<br><br>CHOCTAW NICOMA PARK SCHOOL DISTRICT,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. CIV-21-0077-R<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is Defendant Choctaw Nicoma Park School District's (the "School District") renewed partial motion to dismiss, Doc. No. 12. Plaintiffs filed a response in opposition to the School District's motion in Doc. No. 14, and the School District filed a reply in support of its motion in Doc. No. 16.

In evaluating a motion to dismiss, the Court assumes the truth of a plaintiff's well-pled factual allegations and evaluates them in the light most favorable to the non-movant. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Plaintiffs allege the following.

In 2019, K.R.W. attended school in the Choctaw Nicoma Park School District. Doc. 11. K.R.W.'s complex autism contributes to her "short attention span, hyperactivity, and need for redirectional behavior." *Id.* ¶ 26. When she wandered in the classroom, her instructors "routinely restrained [K.R.W.] to a chair for punishment without her parents

[…] knowledge." *Id.* ¶ 23. Plaintiffs allege that the restraints were consistently used because "it was easier for the Defendants than providing District staff with appropriate training to address the challenging behaviors often exhibited in a special needs classroom." *Id.* ¶ 26. Chasity and Raymond Wallace requested a meeting with Defendants to question the use of the restraints, but the School District denied the meeting and refused to stop using the restraining devices. *Id.* ¶¶ 30, 36.

Plaintiffs explain that K.R.W.'s "IEP and behavior plan do not … mention the possible use of restraints." *Id.* ¶¶ 27–28. Further, Plaintiffs state that the Oklahoma Department of Human Services "was put on notice" of K.R.W.'s bruising, and that a medical examination revealed the restraint mechanism had caused the bruising. *Id.* ¶ 35. In response to the alleged injuries, Plaintiffs filed suit in district court in Oklahoma County, Oklahoma, on January 6, 2021. Doc. No. 1-1. In the Petition, Plaintiffs brought four causes of action: i) negligence, ii) respondeat superior, iii) violation of 42 U.S.C. § 1983, and iv) punitive damages. *Id.* The School District then timely removed the matter to this Court and filed a partial motion to dismiss, seeking dismissal of the § 1983 claim and arguing that … Nicoma Park Elementary lacks the capacity to be sued, Oklahoma law does not authorize emotional distress claims for parents based on a child's injury, and punitive damages are unavailable on Plaintiffs' § 1983 claim.[1] Doc. Nos. 1, 5.

In its Order partially granting the School District's motion, this Court explained that Nicoma Park Elementary is not a proper defendant, damages for emotional distress are

---

[1] In a footnote in its Order, the Court recognized that Plaintiffs' "respondeat superior" cause of action is another way of pleading negligence, not a cause of action itself. *See* Doc. No. 10, pp. 1–2, n. 1.

>limited to the emotional distress of K.R.W. …, [and] punitive damages [are] unavailable on the Plaintiffs' § 1983 claim because the U.S. Supreme Court has specifically held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).[2]

Doc. No. 10, p. 2. This Court went on to address the § 1983 substantive due process claim. In its analysis, the Court—"only [considering] allegations in the Petition[ ]"—explained that "the Petition [did] not allege facts supporting a conclusion that the School District's training practices exhibited deliberate indifference reasonably relating to the alleged injury." Doc. No. 10, p. 7 (internal quotation marks omitted). Nonetheless, the Court granted Plaintiffs leave to amend the Petition to state a substantive due process claim consistent with the requirements of § 1983. *Id.*

Plaintiffs then filed an Amended Complaint, Doc. No. 11, seeking to comply with the Court's Order. In response, the School District filed this motion to dismiss. *See generally* Doc. No. 12.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). The

---

[2] Plaintiffs unintentionally included punitive damages in the Amended Complaint, and due to the parties' agreement and the Court's previous Order—explaining that such damages are not available—the punitive damages claim is dismissed once again. *See, e.g.*, Doc. No. 16, p. 10.

3

Court must accept all the well-pled allegations of the Complaint as true and must construe the allegations in the light most favorable to the plaintiff. *Id.*; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

The School District argues that Plaintiffs' § 1983 claim is subject to dismissal because Plaintiffs failed to exhaust the claim as required by the IDEA and because the "supervisory liability" claim is inconsistent with the Court's previous Order.[3] In response, the Plaintiffs did not fully address the School District's exhaustion argument, but rather, argued that "no action under IDEA [had] been plead." Doc. No. 14, p. 6. Additionally, the Plaintiffs argue that the "supervisory liability" allegations are not included as allegations of a different claim, but as an explanation of the "custom, practice and policy of [the School District]." *Id.*

First, the School District did not argue that Plaintiffs sought an IDEA remedy. Instead, the School District argues that pursuant to the Supreme Court's decision in *Fry v. Napoleon Community Schools*, 137 S. Ct. 743 (2017), Plaintiffs' allegations fall within the

---

[3] As the parties discuss, the "Supervisory Liability" allegations in the Amended Complaint do not create an independent claim, but rather support Plaintiffs' assertion of the School District's allegedly unconstitutional custom, practice, and policy warranting municipal liability. Doc. No. 14, p. 6; Doc. No. 16, pp. 9–10. Nonetheless, because the Amended Complaint includes a cause of action for "Supervisory Liability", Doc. No. 11, p. 16, the "cause of action" is hereby DISMISSED for a failure to state a claim.

4

IDEA's scope and therefore, *must* be fully exhausted prior to seeking relief in this Court. Doc. No. 12, p. 6 (citing *Fry*, 137 S. Ct. at 750).

Section 1415(l) of the Individuals with Disabilities Education Act (IDEA), 20 U.SC. § 1400 *et seq.*, provides that if a suit brought under another federal law "seek[s] relief that is also available under the IDEA," the plaintiff must first exhaust the IDEA's administrative process. *Fry*, 137 S. Ct. at 746 (citing 20 U.SC. § 1415(l)). In *Fry*, the Supreme Court explained that "exhaustion is not necessary when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee—what the Act calls a 'free appropriate public education [ (FAPE) ]." *Id.* (citing § 1412(a)(1)(A)). To determine whether the "gravamen of the plaintiff's suit" is a FAPE, and therefore, must be exhausted, courts follow a two-step test outlined in *Fry*.

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school? Second, could an adult at the school have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject. But when the answer is no, then the complaint probably does concern a FAPE.

*Fry*, 137 S. Ct. at 747 (2017). In *Fry*, the Supreme Court cautioned courts against "artful pleading[,]" explaining that a "'magic words' approach would make Section 1415(l) too easy to bypass." 137 S. Ct. at 756.

The School District argues that the answer to both hypothetical questions outlined in *Fry* is "no" because "[t]he Plaintiffs could only bring such a claim by virtue of K.R.W. being a student enrolled in the School District with an IEP in place." Doc. No. 12, p. 9. The Court disagrees.

5

The district court for the District of Colorado applied the *Fry* test by explaining that unlike allegations of denial of access to facilities—which are similar to simple discrimination claims—claims alleging "inadequate educational services … likely involve[ ] the denial of a FAPE," triggering the IDEA exhaustion requirement. *Neer v. Park Cnty. Sch. Dist. Re No. 2*, No. 19-CV-02053-RBJ, 2021 WL 1165535, at *7 (D. Colo. Mar. 26, 2021). In *Neer*, the plaintiff's allegations arose from "the school's failure to reasonably accommodate" the plaintiff's concussion. *Id.* p. *10. The court concluded that the plaintiff's allegations truly sought redress for the school's failure to provide a FAPE, requiring plaintiff to meet the IDEA's exhaustion requirement. *Id.*

Here, however, the Plaintiffs allege that the School District permitted teachers to place K.R.W. in a chair with restraints—causing extreme bruising. Such allegations are less akin to a complaint regarding the adequacy of K.R.W.'s education and more aligned with a claim seeking relief for a violation of K.R.W.'s right to be free from bodily restraint. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("It is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law."); *see also Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, 819 F. Supp. 2d 1179, 1192 (D. Colo. 2011), *aff'd sub nom. Ebonie S. v. Pueblo Sch. Dist. 60*, 695 F.3d 1051 (10th Cir. 2012) (allegations that school district used wrap-around desks with restraint bars did not trigger IDEA exhaustion requirement). For this reason, the Court concludes Plaintiffs' allegations did not trigger the IDEA exhaustion requirement.

In summary, the School District's renewed partial motion to dismiss, Doc. No. 12, is hereby GRANTED IN PART and DENIED IN PART. The School District's motion to

dismiss is GRANTED as to Plaintiffs' punitive damages and "supervisory liability" causes of actions. However, the motion is DENIED as to Plaintiffs' substantive due process claim, which the School District only sought to dismiss on the basis of Plaintiffs' failure to meet the IDEA exhaustion requirement.

    **IT IS SO ORDERED** on this 3rd day of September 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE